**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patricia Lynn FISHER, Defendant–Appellant.**

No. 93–1295
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1993.

John Carroll, Jr., Susan Bronstein Dunleavy, Asst. Federal Public Defenders, and Ira Kirkendoll, Federal Public Defender, Dallas, TX, for defendant-appellant.

Paul D. Macaluso, Asst. U.S. Atty. and Richard H. Stephens, U.S. Atty., Dallas, TX, for plaintiff-appellee.

Before POLITZ, Chief Judge, and SMITH and WIENER, Circuit Judges.

PER CURIAM:

Patricia Lynn Fisher pleaded guilty to one count of embezzlement of government property and was sentenced to six months imprisonment, four months home confinement, three years supervised release, and a $50 special assessment.

Fisher argues that U.S.S.G. § 3B1.3 does not apply to convictions for embezzlement because abuse of trust is an essential element of the offense. This Court has implicitly held that § 3B1.3 applies to embezzlement convictions. *See United States v. Ehrlich,* 902 F.2d 327, 330–31 (5th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 851 (1991) (embezzlement conviction under 18 U.S.C. § 656); *see also United States v. Christiansen,* 958 F.2d 285, 287–88 (9th Cir. 1992) (although embezzlement includes an element of breach of trust, the abuse of trust enhancement requires more culpable conduct than breach of trust and therefore § 3B1.3 applies); *United States v. Milligan,* 958 F.2d 345, 347 (11th Cir.1992) (same); *United States v. Georgiadis,* 933 F.2d 1219, 1225 (3d Cir.1991) (abuse of trust as defined by § 3B1.3 is not an element of embezzlement already taken into account under § 2B1.1(a)).

The application of § 3B1.3 is a sophisticated factual determination reviewed under the clearly erroneous standard. *Ehrlich,* 902 F.2d at 330. The enhancement encompasses two factors: (1) whether the defendant occupies a position of trust and (2) whether the defendant abused her position in a manner that significantly facilitated the commission or concealment of the offense. *United States v. Brown,* 941 F.2d 1300, 1304 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991). To deter-

mine whether the position of trust "significantly facilitated" the commission of the offense, the court must decide whether the defendant occupied a superior position, relative to all people in a position to commit the offense, as a result of her job. *Id.* at 1305.

■ The record establishes that Fisher's duties and responsibilities as head cashier went significantly beyond the duties of an ordinary bank teller. Her job was classified as a "position of trust;" she supervised one cashier; she had the authority to get money out of the vault, requisition money, and check money; and she was subject only to monthly spot-checks. Significantly, after initially conducting several successful spot-checks, Fisher's supervisor stopped conducting the checks because she "trusted" her, and Fisher did not begin embezzling until October, eight or nine months after she was promoted. The district court specifically determined that Fisher did not begin embezzling until she had learned the level of supervision and the level of reconciliation to which she was subject. The district court's finding is not clearly erroneous. *See Brown*, 941 F.2d at 1304–05; *Ehrlich*, 902 F.2d at 328, 330–31.

AFFIRMED.