**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3842

_____

United States of America,      *
                               *
          Appellee,            *
                               *   Appeal from the United States
     v.                        *   District Court for the
                               *   District of Nebraska.
Vickie Sue Clause,             *
                               *        [UNPUBLISHED]
          Appellant.           *

_____

Submitted:  April 7, 1997

Filed:   April 25, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____


PER CURIAM.


        Vickie Sue Clause pleaded guilty to defrauding FirsTier Bank, a federally-insured bank, in violation of 18 U.S.C. § 1344.  She challenges the district court's[1] refusal to allow her to withdraw her guilty plea, and the court's application of a two-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.3 (1995) for abusing a position of private trust. We affirm.


        The section 3B1.3 enhancement applies when a district court determines a defendant has abused a position of private trust in a manner that significantly facilitated the commission or concealment

_____

[1]The  HONORABLE  WILLIAM  G.  CAMBRIDGE,  Chief  Judge,  United States District Court for the District of Nebraska.

of the offense.  We give great deference to a district court's assessment of the enhancement, and will not reverse absent clear error.  See United States v. Johns, 15 F.3d 740, 744 (8th Cir. 1994).

The undisputed facts in the presentence report (PSR) show that over a period of three years, Clause, the victim bank's currency vault teller, removed cash from the vault reserve box for her personal use.  Each time she did so, Clause created a ticket for the amount of embezzled proceeds then outstanding, adding the amount back to the vault total each evening so that the vault appeared to be in balance.  Before she left on maternity leave in June 1995, she trained a teller to perform the vault duties, instructing her to add the amount noted on a slip of paper to the vault total each day so the amounts would balance.  When another teller--who was filling in for the teller whom Clause had trained--forgot to add in the amount noted on the slip of paper, the embezzlement was discovered.  Based on these facts, we do not believe the district court clearly erred in assessing the enhancement.  See United States v. Fisher, 7 F.3d 69, 71 (5th Cir. 1993) (per curiam); United States v. Johnson, 4 F.3d 904, 916 (10th Cir. 1993), cert. denied, 510 U.S. 1123 (1994); United States v. Brelsford, 982 F.2d 269, 271-73 (8th Cir. 1992).  Because neither party objected to any factual matter in the PSR, we reject Clause's argument that the district court was required to hold an evidentiary hearing before assessing the enhancement.  See United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam).

Clause's argument as to withdrawal of her guilty plea also fails. A district court may permit withdrawal of a guilty plea before sentencing "if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e). In support of her Rule 32(e) motion--which she made on the day of sentencing--Clause argued that

her guilty plea was involuntary as unknown persons had repeatedly telephoned her after her initial not-guilty plea, threatening to harm her family if she did not plead guilty.

The district court concluded that Clause had not established a fair and just reason to withdraw her plea, given her assurances at the change-of-plea hearing that her guilty plea was not the result of any threats, and that it was given freely and voluntarily. The court also noted that Clause was not asserting her legal innocence, and that five and one-half months had passed since the time she tendered her guilty plea. We conclude the district court did not abuse its discretion in denying Clause's Rule 32(e) motion, or in refusing to grant her a continuance to garner evidence to present at an evidentiary hearing. See United States v. Yell, 18 F.3d 581, 582-83 (8th Cir. 1994); United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991), cert. denied, 504 U.S. 921 (1992); United States v. Thompson, 906 F.2d 1292, 1298-99 (8th Cir.), cert. denied, 498 U.S. 989 (1990).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.