REVISED-JULY 2, 1998

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-20330
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID ILOANI,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
_____

June 11, 1998

Before GARWOOD, DAVIS, and EMILIO M. GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Following his conviction for mail fraud under 18 U.S.C. § 1341, Dr. David Iloani raises a number of issues on appeal. He claims that: (1) the Government breached its plea agreement with him; (2) the district court erred in denying a downward departure for acceptance of responsibility; (3) the district court erred in imposing a two-level upward adjustment for abuse of a position of trust; (4) the district court erred in imposing a four-level adjustment based on its determination that the loss exceeded $20,000.00; and (5) the district court erred in denying him a downward departure for aberrant behavior. After reviewing the

briefs, we find that issue (3) above is the only issue that merits discussion. We therefore consider the propriety of the district court's imposition of an "abuse of trust" sentencing enhancement pursuant to § 3B1.3 of the United States Sentencing Guidelines.

Dr. Iloani, a chiropractor, conducted a scheme in which he conspired with patients to submit fraudulent bills to insurance companies for treatments that were never rendered. One of the insurance companies discovered that Dr. Iloani had submitted fraudulent bills for Elizabeth Aboderin's treatment, and the insurance company notified the FBI. The FBI conducted an investigation of Dr. Iloani's billing practices and gathered evidence of Dr. Iloani's illegal conduct through cooperating co-conspirators and an undercover sting operation. Dr. Iloani ultimately pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. He was sentenced to 27 months of imprisonment, three years of supervised release, a $15,000.00 fine, and a $50.00 special assessment. We address only Dr. Iloani's claim that his sentence was improperly enhanced under § 3B1.3 of the Sentencing Guidelines for abuse of a position of trust.

The district court assessed a two-point enhancement due to Dr. Iloani's abuse of a position of trust pursuant to § 3B1.3 of the 1995 Sentencing Guidelines. Section 3B1.3 states in part:

> If the defendant abused a position of public or private
> trust . . . in a manner that significantly facilitated
> the commission or concealment of the offense, increase by
> 2 levels.

U.S.S.G. § 3B1.3. An abuse of trust enhancement is appropriate if

2

(1) Dr. Iloani held a position of trust, (2) that he used to significantly facilitate the commission or concealment of the crime. Id.; United States v. White, 972 F.2d 590, 600 (5th Cir. 1992). We review the district court's imposition of an abuse of trust enhancement for clear error. United States v. Fisher, 7 F.3d 69, 70 (5th Cir. 1993). In this Circuit, it is settled that a § 3B1.3 enhancement is appropriate for a physician who abuses the trust of his patients. See United States v. Sidhu, 130 F.3d 644, 655-56 (5th Cir. 1997) (holding that a physician had abused his patients' trust and was subject to a § 3B1.3 enhancement where he billed for services that were not performed, not performed as billed, or performed by non-physicians). However, this Circuit has never considered whether a physician who acts in concert with his patients to conduct a fraudulent billing scheme may be assessed a § 3B1.3 enhancement for abuse of a position of trust on the basis of the physician's relationship with an insurance company.

The Government argues that the Appellant held a position of trust with respect to the insurance companies, because those companies extend privileges, as well as professional discretion and deference, to medical professionals. The Appellant argues that there is no such trust relationship between a chiropractor and an insurance company and that his position did not obscure the crime.

A position of trust "is characterized by 'substantial discretionary judgment that is ordinarily given considerable deference.' The position of trust 'must have contributed in some substantial way to facilitating the crime and not merely have

3

provided an opportunity that could as easily have been afforded to other persons.'" United States v. Kay, 83 F.3d 98, 102 (5th Cir.), cert. denied, 117 S. Ct. 147 (1996) (quoting U.S.S.G. § 3B1.3, at n.1).

Because this is a matter of first impression in this Circuit, we look to our sister circuits for guidance. In United States v. Rutgard, a Ninth Circuit panel concluded that the sentence of the defendant, an opthamologist, was properly enhanced under § 3B1.3 for abuse of a position of trust where the defendant had submitted false claims to Medicare. 116 F.3d 1270, 1293 (9th Cir. 1997). The panel concluded that "the government as insurer depends upon the honesty of the doctor and is easily taken advantage of if the doctor is not honest." Id.

Similarly, in United States v. Adam, a Fourth Circuit panel concluded that a § 3B1.3 enhancement for abuse of trust was appropriately applied to an internist who conducted a scheme in which he received illegal kickbacks in return for referring patients to a cardiologist. 70 F.3d 776, 778, 782 (4th Cir. 1995). The care of the referred patients was paid for in part by federal welfare funds, in violation of 42 U.S.C. § 1320a-7b(b) (1988), which makes it illegal for any person to knowingly solicit or receive remuneration in return for patient referrals if payment for such services is made in part out of federal welfare funds. Id. at 778. The Fourth Circuit concluded that Adam's sentence was appropriately enhanced two levels for abuse of a position of trust because "[t]he position that Appellant enjoyed as a physician

4

making claims for welfare funds is an example of the kind of position" contemplated by the abuse of trust provision. Id. at 782. The panel further stated that "welfare fraud is terribly difficult to detect because physicians exercise enormous discretion: their judgments with respect to necessary treatments ordinarily receive great deference and it is difficult to prove that those judgments were made for reasons other than the patients' best interests." Id.

The relationship of Dr. Iloani to the private insurers in this case is closely analogous to the relationships of the defendants to the government as insurer in the above cases. We are persuaded by the reasoning of the Fourth and Ninth Circuits in these cases, and we therefore conclude that the district court did not err in concluding that Dr. Iloani abused a position of trust with the insurance companies in fraudulently billing such companies for medical care. Dr. Iloani made medical findings and diagnoses of his patients and then prescribed treatments and medications. Dr. Iloani also falsely represented to the insurance companies that specified treatments had been rendered. The district court was entitled to conclude that insurance companies usually rely on the honesty and integrity of physicians in their medical findings, diagnoses, and prescriptions for treatment or medication. Furthermore, the district court was entitled to conclude that insurance companies must rely on physicians' representations that the treatments for which the companies are billed were in fact performed. The district court did not err in applying the § 3B1.3

5

enhancement to Dr. Iloani's sentence.

We find Dr. Iloani's remaining claims on appeal to be meritless. We therefore affirm Dr. Iloani's sentence.

AFFIRMED.