IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31451
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHANEY L. PHILLIPS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CR-68-1-B
--------------------
October 10, 2001

Before DUHÉ and BENAVIDES, Circuit Judges, and RESTANI[*], District
Judge.

PER CURIAM:[**]

Chaney L. Phillips appeals his sentence for his convictions

of conspiracy to commit mail fraud, mail fraud, and engaging in

an illegal monetary transaction.  Phillips challenges the

district court's findings and corresponding increases to his

offense level on the Count Three conviction pursuant to U.S.S.G.

§§ 3B1.1(a), 3C1.1, 3B1.3, and 2S1.2(b)(1)(B).  Phillips contends

also that the district court should have sentenced him based on

---

[*]     Judge, U.S. Court of International Trade, sitting by
designation.

[**]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the fraud guideline rather than on the money-laundering guideline.

We review for clear error the district court's determination under U.S.S.G. § 3B1.1(a) that Phillips was an organizer or leader of criminal activity that was otherwise extensive. *See United States v. Davis*, 226 F.3d 346, 360 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1161 (2001). The district court properly considered all conduct linked to the transaction, even if the conduct fell "outside the four corners of the conviction itself." *United States v. Mir*, 919 F.2d 940, 946 (5th Cir. 1990). Phillips has not shown clear error in the district court's finding that the criminal activity was otherwise extensive. *See United States v. Allibhai*, 939 F.2d 244, 252-53 (5th Cir. 1991); U.S.S.G. § 3B1.1, comment. (n.3).

We review the district court's factual finding that a defendant has obstructed justice under U.S.S.G. § 3C1.1 for clear error. *United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994). Section "3C1.1 does not require the obstructive conduct to be directly related to the offense of conviction." *United States v. Upton*, 91 F.3d 677, 688 (5th Cir. 1996). There was a sufficient nexus between the fraud and Phillips' Count Three conduct. Phillips has not shown that district court's finding that he obstructed justice with respect to Count Three was clearly erroneous. *See United States v. Valencia*, 44 F.3d 269, 272 (5th Cir. 1995) (finding on sentencing factor is not clearly

2

erroneous if finding is plausible in light of the record read as a whole).

Phillips challenges the two-level increase applied pursuant to U.S.S.G. § 3B1.3 to his offense level on Count Three for abuse of a position of trust. Phillips asserts that he did not do anything to significantly facilitate Emerson C. Newman's negotiation of the $15,000 life insurance benefit check and that any abuse of trust occurred in connection with the fraud offenses.

We review the district court's enhancement under U.S.S.G. § 3B1.1 for clear error. *See United States v. Iloani*, 143 F.3d 921, 922 (5th Cir. 1998). Phillips held the position of tax assessor for St. Helena Parish, a position that qualifies as being characterized by the privilege of exercising "substantial discretionary judgment that is ordinarily given considerable deference." *Iloani*, 143 F.3d at 922-23 (quotation marks and citation omitted); *United States v. Phillips*, 219 F.3d 404, 407 (5th Cir. 2000). Phillips underwrote the steps that were necessary for Emerson C. Newman to obtain the check for the life insurance money upon Jean Newman's death. *See Phillips*, 219 F.3d at 417. Phillips has not shown clear error regarding the district court's imposition of the two-level increase under U.S.S.G. § 3B1.1.

In his challenge to the district court's imposition of a two-level increase pursuant to U.S.S.G. § 2S1.2(b)(1)(B), Phillips contends that the Government did not prove that he knew

3

that the criminally derived property, *i.e.*, the $15,000 life insurance check, was the proceeds of specified unlawful activity. The presentence report contained sufficient information to warrant the increase, and Phillips has not provided reliable evidence to rebut the presentence report. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995) (PSR considered reliable evidence, which the district court can rely on for sentencing purposes; defendant must submit affidavits or other evidence to rebut information in PSR).

Finally, Phillips contends that the nature of his crimes was fraud and that the district court erred by sentencing him under the money laundering guideline for crimes that were outside the heartland of the money-laundering guideline. Phillips has not identified anything in the record to indicate that the district court believed that it lacked the authority to depart. *See Davis*, 226 F.3d at 359. Accordingly, the judgment of the district court is AFFIRMED.