IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31241
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KATHLEEN BARRILLEAUX,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-144-B
--------------------
June 14, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Kathleen Barrilleaux appeals her sentence following her
guilty-plea conviction of bank fraud.  Barrilleaux argues that
the district court erred in applying a two-level sentencing
adjustment under U.S.S.G. § 3B1.3 because a secretarial position
such as hers typically is not characterized by professional or
managerial discretion and the Government did not present any
evidence of discretionary duties of that caliber.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Section 3B1.3 provides for a two-level adjustment "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G § 3B1.3. "[P]ublic or private trust" refers to professional or managerial discretion, i.e., substantial discretionary judgment that is ordinarily given considerable deference. U.S.S.G. § 3B1.3, comment. (n.1).

We review the application of § 3B1.3 under the clearly erroneous standard. See United States v. Iloani, 143 F.3d 921, 922 (5th Cir. 1998). "[T]he district court need be convinced of the relevant facts only by a preponderance of the evidence." United States v. Reeves, 255 F.3d 208, 212 (5th Cir. 2001).

A district court may apply U.S.S.G. § 3B1.3 if (1) the defendant occupied a position of trust and (2) the defendant abused her position in a manner that significantly facilitated the commission or concealment of the offense. See Iloani, 143 F.3d at 922. Although some might infer from her title of secretary that Barrilleaux was an employee with little or no discretion, the record evidence reflects that she was not merely an ordinary secretary, but rather one who occupied a position of trust within the meaning of U.S.S.G. § 3B1.3. Barrilleaux was authorized to sign her employer's name to certain checks, open and review her employer's mail, and pay her employer's personal and professional bills. We also note that Barrilleaux failed to

argue that she did not use her position to significantly facilitate the offense.

There is nothing in the record to suggest that the district court clearly erred in applying the adjustment.  See <u>United States v. Fisher</u>, 7 F.3d 69, 71 (5th Cir. 1993).  The judgment of the district court is AFFIRMED.