United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11244
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY DON KEITH,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-109-16-Y

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Larry Don Keith appeals his sentence of probation and restitution following his *nolo contendere* plea to one count of unlawful adulteration of milk. *See* 21 U.S.C. §§ 331(a), 333(a)(2).

Keith first contends, for the first time on appeal, that the district court incorrectly used the Sentencing Guidelines edition in effect at the time of his offense, rather than the one in effect at sentencing. The district court did not commit plain error in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

using the earlier edition, because the edition in effect at sentencing would have resulted in a higher specific offense characteristic enhancement than that required by the earlier edition; concerns use of the later edition would have caused *ex post facto*. *Compare* U.S.S.G. § 2B1.1(b)(1)(E) (2001) *with* § 2F1.1(b)(1)(G)(1994); *see* **United States v. Domino**, 62 F.3d 716, 719-720 (5th Cir. 1995); U.S.S.G. § 1B1.11.

Keith asserts that his sentence was improperly enhanced based on an unreliable loss amount calculation. The PSR provides an "adequate evidentiary basis" for the enhancement; the burden shifted to Keith to rebut the loss amount in the PSR. **United States v. Peters**, 283 F.3d 300, 314 (5th Cir.), *cert. denied*, 536 U.S. 934 (2002). Because Keith failed to present evidence to rebut the amount, the district court did not commit clear error in accepting the loss determination; nor did it err in applying the offense level increase. *See* U.S.S.G. § 2F1.1(b)(1)(G)(1994).

Keith maintains the district court clearly erred by increasing his offense level by two levels for abuse of a position of "public trust", pursuant to U.S.S.G. § 3B1.3. Even if determining Keith held a position of "public trust" was clear error, our record review persuades us: (1) Keith occupied a position of "private trust" with respect to Associated Milk Producers, Inc.; and (2) he abused that position "in a manner that significantly facilitated the commission or concealment of the offense". U.S.S.G. § 3B1.3

2

(1994); *see* **United States v. Fisher**, 7 F.3d 69, 70 (5th Cir. 1993); *cf.* **United States v. Iloani**, 143 F.3d 921, 922-23 (5th Cir. 1998). Because Keith abused a position of private trust, we need not address whether he abused a position of public trust. *See* **United States v. McSween**, 53 F.3d 684, 687 n.3 (5th Cir.) (court may affirm on any ground supported by the record), *cert. denied*, 516 U.S. 874 (1995).

Next, Keith bases error on the district court's requiring restitution for the entire conspiracy, despite his plea to only a single instance of adulteration. We review only for plain error. Because Keith's offense involved a fraudulent scheme, and because his factual resume acknowledged multiple instances of fraud, there was no plain error in basing restitution on the entire scheme. *See* **United States v. Cothran**, 302 F.3d 279, 289 (5th Cir. 2002); 21 U.S.C. § 333(a)(2) (imposing additional penalties if adulteration committed "with the intent to defraud or mislead").

Finally, Keith claims ineffective assistance of counsel because counsel failed to object on several grounds to his sentence. Because this claim was not presented to the district court, the record is not sufficiently developed. Therefore, we decline to address this issue, without prejudice to Keith's raising it pursuant to 28 U.S.C. § 2255. *See* **United States v. McIntosh**, 280 F.3d 479, 481 (5th Cir. 2002).

**AFFIRMED**

3