United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40089
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL L. HEROD,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-200-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Michael L. Herod appeals his conviction and sentence for 13 counts of health care fraud and six counts of mail fraud. He argues that the evidence was insufficient to establish that he knowingly intended to defraud; that the district court erred in finding that he abused a position of trust pursuant to U.S.S.G. § 3B1.2; that the amount of loss was improperly calculated under the sentencing guidelines; that his sentence is unconstitutional pursuant to United States v. Booker, 125 S. Ct. 738 (2005); and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court abused its discretion in ordering the restitution award.

Herod contends that the evidence did not establish his criminal intent beyond a reasonable doubt because he testified that he was distanced from the billing practices of his office and that he had no knowledge of the office procedures regarding Medicaid. However, Herod's own testimony reflects a knowledge of the Medicaid procedures and the office billing practices. Herod stated that he was often not paid for the total amount billed to Medicaid. He also stated that Medicaid accounted for 15 to 20 percent of his income.

Additionally, Herod's dental license expired in April 1999. Testimony from Diana Costello Stark and from Loren Barnes established that Herod was aware of the expiration of his license. As an enrollee in the Texas Medicaid Program, he had been provided with a copy of the policies and procedures manual. To participate in the program, a health care provider must be licensed. Herod was required to inform the program if his license expired and would no longer be entitled to participate. Herod never informed the program of the expiration of his dental license, and his license was not renewed. The evidence is sufficient for a reasonable trier of fact to conclude beyond a reasonable doubt that Herod possessed the requisite criminal intent. United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Herod also argues that the district court clearly erred in applying an upward adjustment to his base offense level for abusing a position of trust. It is established in this court that an abuse of trust enhancement is appropriate where a physician abuses the trust of his patients. See United States v. Iloani, 143 F.3d 921, 923 (5th Cir. 1998). The argument that the Medicaid program does not qualify as a victim is without merit. Such programs rely on the honesty and integrity of doctors and their "representations that the treatments for which the companies are billed were in fact performed." Iloani, 143 F.3d at 923. The enhancement for abuse of trust is not clearly erroneous. United States v. Angeles-Mendoza, 407 F.3d 742, 750 (5th Cir. 2005).

Herod contends that the amount of loss as used in the PSR calculation for his total offense level is erroneous. There is no evidence to establish that the amount of loss is below $200,000. The district court's finding is not clearly erroneous. Angeles-Mendoza, 407 F.3d at 750.

With regard to the enhancements for abuse of trust and the amount of loss, Herod asserts that they violate his Sixth Amendment rights pursuant to Booker. He states that these facts were not found by a jury and that he did not admit to them. Herod articulated objections in the district court on these grounds and cited to the decision of Blakely v. Washington, 542 U.S. 296 (2004). Therefore, this court will ordinarily vacate

and remand for resentencing unless the Government can establish harmless error beyond a reasonable doubt.  United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).

The finding that the amount of loss was greater than $200,000 was a fact found by the jury.  The amount of loss was alleged in the indictment, and the jury found the defendant guilty as charged of all counts.  Thus, the amount of loss is not a Booker error.  See Booker, 125 S. Ct. at 756.  Nevertheless, the finding by the district court that Herod abused a position of trust does qualify as a Booker error, and the Government concedes that it cannot establish harmless error beyond a reasonable doubt.  As such, the sentence must be vacated, and the case must be remanded.

Herod asserts that the district court abused its discretion in the amount of restitution awarded.  He claims that he lacks the ability to pay the award.  Herod was ordered to pay restitution pursuant to 18 U.S.C. § 3663A, which mandates restitution.  The district court must order the full amount of restitution due the victim, without regard for the defendant's economic circumstances or ability to pay.  United States v. Myers, 198 F.3d 160, 168-69 (5th Cir. 1999).  The district court did not abuse its discretion in awarding restitution.  See United States v. Hughley, 147 F.3d 423, 436 (5th Cir. 1998).

Accordingly, Herod's conviction is AFFIRMED.  His sentence is VACATED, and the matter is REMANDED for resentencing.