# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41749
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GERARDO VINALAY,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-428-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Gerardo Vinalay, federal prisoner # 87065-379, was convicted by a jury of stealing from the United States Postal Service (USPS) in violation of 18 U.S.C. § 641. At sentencing, the Government sought an enhancement under U.S.S.G. § 3B1.3, which applies when a defendant has "abused a position of public or private trust . . . in a manner that significantly facilitated the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commission or concealment of the offense." "A position of trust is characterized by (1) professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference), and (2) minimal supervision." *United States v. Ollison*, 555 F.3d 152, 166 (5th Cir. 2009) (citing U.S. SENTENCING GUIDELINES MANUAL 3B1.3 cmt. n.1 (2006)). Vinalay committed his offense while employed as a postal window clerk; the Government argued that due to the lax auditing procedures employed by Vinalay's USPS superiors, Vinalay had been entrusted with the "professional discretion" to audit himself.

The district court found that the enhancement was appropriate, reasoning that "the evidence in this case made it clear that Mr. Vinalay was a very trusted employee." The enhancement increased Vinalay's advisory sentencing range from between zero and six months' imprisonment to between six and twelve months' imprisonment. The court imposed a sentence of twenty-four months' imprisonment. On appeal, Vinalay challenges both the enhancement and the upward departure.

All sentences are reviewed for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing a sentence, this court first determines whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* We then consider "substantive reasonableness . . . under an abuse-of-discretion standard." *Id.*

In determining whether to apply the position-of-trust enhancement, a court must first "determine whether the defendant occupied a position of trust at all" and then must "ascertain the extent to which the defendant used that position to facilitate or conceal the offense." *Ollison*, 555 F.3d at 165 (quoting *United States v. Reccko*, 151 F.3d 29, 31 (1st Cir. 1998)). Application of the position-of-trust enhancement "is a sophisticated factual determination

reviewed under the clearly erroneous standard." *Id.* at 164–65 (quoting *United States v. Fisher*, 7 F.3d 69, 70–71 (5th Cir. 1993)).

The parties have cited no binding authority on the precise question of whether a postal window clerk occupies a position of trust, and we have found none. Nevertheless, an examination of our caselaw discussing the application of U.S.S.G. § 3B1.3 leads us to the conclusion that the district court clearly erred by applying the position of trust enhancement in this case. The district court principally relied on lack of supervision to conclude that Vinalay was a "trusted employee." We rejected this "colloquial definition" of trust in *Ollison*, observing that it would render "most if not all employees who stole from their employers . . . subject to the enhancement because the employers 'trusted' that their employees would not steal." 555 F.3d at 166.

Our caselaw also demonstrates that Vinalay's lack of close supervision—a fact relied on by the Government—is not dispositive. Lack of supervision is a necessary, but not sufficient, basis for imposing the position of trust enhancement. *See id.*; *United States v. Brown*, 7 F.3d 1155, 1161 (5th Cir. 1993) ("[L]ax supervision alone does not convert one's job into a 'position of trust' under § 3B1.3." (quoting *United States v. Helton*, 953 F.2d 867, 870 (4th Cir. 1992)). And trusting that an employee will carry out his ministerial duties as required is not the same as endowing him with professional or managerial discretion. *See Ollison*, 555 F.3d at 166 ("Opportunity and access do not equate to authority, or to the kind of substantial discretionary judgment that is ordinarily given considerable deference." (quoting *United States v. Edwards*, 325 F.3d 1184, 1187 (10th Cir. 2003)) (internal quotation marks omitted)). *Cf. United States v. Smith*, 203 F.3d 884, 893 (5th Cir. 2000) ("[G]enerally a bank teller engaged in the activity of taking cash from the till and putting it in is not utilizing a position of trust."). Thus, while we do not hold that a postal window clerk could never occupy a position of trust, there is nothing in this record that

permits a conclusion that Vinalay's position "involved the type of complex, situation-specific decisionmaking that is given considerable deference precisely because it cannot be dictated entirely by, or monitored against, established protocol." *United States v. St. Junius*, 739 F.3d 193, 209 (5th Cir. 2013). We therefore hold that the scope of Vinalay's duties as a postal window clerk clearly do not justify an enhancement under U.S.S.G. § 3B1.3.

The Government argues that even if the enhancement was clearly erroneous, the error was harmless because the district court chose to depart from the advisory range. To show harmless error, the Government has the burden of a proving "beyond a reasonable doubt that the district court would have imposed the same sentence under the lower Guidelines range." *United States v. Lopez-Urbina*, 434 F.3d 750, 765 (5th Cir. 2005). "Although it may well be that the same explanation the court gave for imposing a sentence outside the miscalculated range *could* also support a sentence outside the correctly calculated range," the Government's burden is "to convincingly demonstrate that the court actually *would* have followed the very same reasoning absent the error." *United States v. Ibarra-Luna*, 628 F.3d 712, 717 (5th Cir. 2010). The Government has not shown beyond a reasonable doubt that, regardless of the position-of-trust enhancement, the court would have imposed a twenty-four-month sentence.

For these reasons, we VACATE and REMAND to the district court for resentencing. Vinalay's unopposed motion to expedite his appeal is DENIED as moot.