**UNITED STATES of America,**
**Appellee,**

v.

**Marc W. HUSSEY, Blake W. Alexander, Melvin Lloyd Richards, Frank P. Zitkevitz, Defendants–Appellants,**

Laurence T. Zitkevitz, Agunloye Olawande, aka Wande, Alex Sheyfer, Alexander Zalmenenko, Defendants.

Docket Nos. 00–1606, 00–1528(L), 00–1614, 00–1625.

United States Court of Appeals, Second Circuit.

Argued June 6, 2001.

Decided June 21, 2001.

---

Anthony Randazz, (Miles Feinstein, on the brief), Clifton, NJ, for Appellant Marc W. Hussey.

Robert J. Krakow, New York, NY, for Appellant Blake W. Alexander.

Deborah A. Schwartz, New York, NY, for Appellant Melvin Lloyd Richards.

James M. Branden, (Valerie S. Amsterdam, on the brief), Amsterdam & Branden, New York, NY, for Appellant Frank P. Zitkevitz.

Nancy Kestenbaum, Assistant United States Attorney, (Joanna C. Hendon, Gary Stein, Assistant United States Attorneys, of counsel; Mary Jo White, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee United States of America.

Before CABRANES, STRAUB, and SACK, Circuit Judges.

PER CURIAM.

The question presented here is whether a defendant, who facilitates the commission of a crime by falsely indicating that he legitimately holds a position of trust, can "abuse ... a position of trust" within the meaning of Section 3B1.3 of the Sentencing Guidelines. We answer in the affirmative and, therefore, affirm.

Appellants Marc Hussey, Blake Alexander, Melvin Richards, and Frank Zitkevitz were convicted in the United States District Court for the Southern District of New York (Denny Chin, *Judge*) of various offenses, including conspiracy to commit securities fraud, securities fraud, and/or wire fraud. Appellants challenge their convictions and sentences on appeal. In a separate summary order filed today, we address appellants' main arguments and affirm the District Court's judgments with respect to all issues raised therein. In this opinion, we address only the challenge of Hussey and Alexander to the District Court's imposition of a two-level sentencing enhancement for abuse of a position of trust. For the reasons stated below, we hold that the enhancement was proper.

I. BACKGROUND

We summarize here only the facts relevant to the sentencing issue discussed below.

In March 1997, Zitkevitz and his brother sought to raise money by selling stock in their private start-up company, Environmental Marketing Concepts ("EMC"). To encourage the sale of the stock, they solicited the help of an unregistered brokerage firm known as O .D. Brown Marketing Corp. ("Brown"). The brokers at Brown, including Alexander, received secret commissions for their sale of EMC stock. Alexander, who received payments of approximately 10 percent of the cash value of the EMC shares sold, never disclosed

these commissions to his investors. Indeed, one memorandum used to sell EMC stock falsely stated that the brokers at Brown received no commissions for their sales.

In approximately April 1997, EMC merged with another company to form United Media Group, Inc. ("UMGI"). As before, Alexander received undisclosed commissions for selling shares of UMGI stock. Hussey, who joined Brown in August or September 1997, also received commissions for his sales. The commissions totaled between 10 and 20 percent of the cash value of the shares sold, and were never disclosed to investors.

By the end of 1997, Hussey had sold approximately $30,000 worth of UMGI stock, and Alexander had sold approximately $50,000 worth of EMC stock and $230,000 worth of UMGI stock. Although neither Hussey nor Alexander was a licensed broker, both identified themselves as such when selling stock.

In December 1998, the Government charged Hussey and Alexander, along with others involved in the fraudulent scheme, with conspiracy to commit securities fraud, securities fraud, and wire fraud. After a fourteen-day trial, a jury found both Hussey and Alexander guilty of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and securities fraud, in violation of 15 U.S.C. § 78.

In June and September 2000, the District Court sentenced Hussey principally to 36 months' imprisonment, 3 years of supervised release, and restitution of $35,237.25; and Alexander principally to 30 months' imprisonment, 3 years of supervised release, and restitution of $237,630. In determining these sentences,[1] the District Court enhanced the base offense levels of both Hussey and Alexander by two under Section 3B1.3 of the Sentencing Guidelines for abuse of a position of trust. See U.S.S.G. § 3B1.3.[2] The District Court applied this enhancement because it found that both defendants had significantly advanced their fraudulent scheme by pretending to be licensed stockbrokers, thereby abusing a position of trust with their investors.

On appeal, Hussey and Alexander argue, among other things, that the District

---

1. The District Court determined Hussey's sentence by applying a base offense level of six for offenses involving fraud and deceit, see U.S.S.G. § 2F1.1(a); a seven-level enhancement for the amount of the loss incurred, which it found to exceed $120,000, see id. § 2F1.1(b)(1)(H); a two-level enhancement for more than minimal planning, see id. § 2F1.1(b)(2); a two-level enhancement for obstruction of justice, see id. § 3C1.1; and a two-level enhancement for abuse of a position of trust, see id. § 3B1.3. Hussey's total offense level was therefore 19, which, in his Criminal History Category of I, resulted in an applicable sentencing range of 30–37 months' imprisonment. See id. § 5A.

The District Court determined Alexander's sentence by applying a base offense level of six for offenses involving fraud and deceit, see id. § 2F1.1(a); a nine-level enhancement for the amount of the loss incurred, which it found to exceed $350,000, see id. § 2F1.1(b)(1)(J); a two-level enhancement for more than minimal planning, see id. § 2F1.1(b)(2); and a two-level enhancement for abuse of a position of trust, see id. § 3B1.3. Alexander's total offense level was therefore 19, which, in his Criminal History Category of I, resulted in an applicable sentencing range of 30–37 months' imprisonment. See id. § 5A.

2. Section 3B1.3 provides in relevant part:

**§ 3B1.3. Abuse of Position of Trust or Use of Special Skill**

If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic. . . .

Court erred in applying this sentencing enhancement because they did not "hold" positions of trust within the meaning of Section 3B1.3. To support this argument, they rely on *United States v. Echevarria,* 33 F.3d 175 (2d Cir.1994), where we held that an enhancement for abuse of a position of trust is directed at those who *"legitimately* occupy positions of public or private trust." *Id.* at 181 (emphasis in original).

We write to clarify the scope of Section 3B1.3 and our holding in *Echevarria.*

## II. DISCUSSION

### A. *Standard of Review*

 Section 3B1.3 of the Sentencing Guidelines provides for a two-level enhancement if the defendant "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3 (1998). Whether a defendant occupies a "position of trust" within the meaning of this provision is viewed from the perspective of the victim, and is a question of law, which we review *de novo. See United States v. Wright,* 160 F.3d 905, 910 (2d Cir.1998). Whether a defendant abused a position of trust in a manner that "significantly facilitated the commission or concealment of the offense" is a question of fact, which we review for clear error. *See United States v. Hirsch,* 239 F.3d 221, 227 (2d Cir.2001).

### B. *Occupying a Position of Trust*

 We have held that a stockbroker occupies a "position of trust" within the meaning of Section 3B1.3 if his victim entrusts him with discretionary authority. *See Hirsch,* 239 F.3d at 227–28. Hussey and Alexander argue, however, that this holding extends only to those who are *actually* licensed stockbrokers, and not to those who merely *pretend* to be licensed stockbrokers. They contend that such a result is required by *United States v. Echevarria,* 33 F.3d 175 (2d Cir.1994), where we held that a person "holds" a position of trust within the meaning of Section 3B1.3 only where he *"legitimately"* occupies that position. *Id.* at 181 (emphasis in original).

In *Echevarria,* we reviewed the sentence of a defendant who misrepresented himself as a licensed physician to insurance companies and low-income "patients," among others, and submitted claims for medical services that were never provided or were fraudulently provided. The defendant was convicted of committing fraud on the insurance companies, and the district court enhanced his sentence under Section 3B1.3 for abuse of a position of trust. We vacated the defendant's sentence, holding "that Section 3B1.3 is reserved for those who legitimately occupy, rather than pretend to occupy, a position of trust." *Id.* at 181. As a basis for this conclusion, we noted that the commentary to Section 3B1.3 suggested that the enhancement was reserved for those who actually "hold[ ]" a position of public and private trust; accordingly, an imposter who merely pretends to hold a position falls outside the scope of Section 3B1.3. *See id.* (quoting U.S.S.G. § 3B1.3, application note 1 (1993)).

We also held that the two-level enhancement was improper because it was "duplicative of the underlying fraud for which [the defendant] was convicted." *Id.* As we explained, "[t]he core of the offenses of which [the defendant in *Echevarria* ] was convicted ... was his misrepresentation that he was a qualified physician," and "[h]is underlying convictions addressed, and punished, that misrepresentation." *Id.* Accordingly, we concluded that the two-level enhancement was inappropriate because it duplicated the punishment imposed for the underlying conviction. *See id.*

Hussey and Alexander argue that *Echevarria* requires us to vacate their sentences. They contend that they, like the defendant in *Echevarria*, did not legitimately hold a position of trust when they committed their crimes; accordingly, they did not "abuse ... a position of trust" within the meaning of Section 3B1.3. We disagree.

The instant case is distinguishable from *Echevarria* for two reasons. First and more importantly, whereas the defendant in *Echevarria* did not create the impression that he stood in a fiduciary relationship with his principal victims—the defrauded insurance companies—Hussey and Alexander created such an impression, and in fact enjoyed a relationship of trust, with their victims—the defrauded investors. *See United States v. Jolly*, 102 F.3d 46, 49 (2d Cir.1996) (explaining that to occupy a "position of trust," a defendant must generally have a "fiduciary-like relationship[ ]" with his victims). The principal victims in *Echevarria* were not under the impression that the defendant in that case was acting as their fiduciary. *See generally Wright*, 160 F.3d at 910 (noting that whether a defendant occupies a position of trust is assessed from the perspective of the defendant's victims). In contrast, the victims here were under an impression that Hussey and Alexander were acting as their fiduciaries in suggesting and trading stocks; therefore, they entrusted Hussey and Alexander with the kind of discretionary authority that is characteristic of a position of trust. This distinction is crucial, because "the primary trait that distinguishes a position of trust from other positions is the extent to which the position provides the freedom to commit a difficult-to-detect wrong." *United States v. Laljie*, 184 F.3d 180, 194 (2d Cir.1999) (quotation marks and alteration omitted). Hussey and Alexander enjoyed a great deal of freedom to commit a difficult-to-detect wrong because, unlike the defendant in *Echevarria*, they created an impression in their principal victims that they occupied a fiduciary-like relationship with them.

Second, we note that the two-level enhancement here, unlike the one in *Echevarria*, was not duplicative of the punishment for the underlying offenses of conviction. The "core of the offenses," *Echevarria*, 33 F.3d at 181, of which Hussey and Alexander were convicted, was not their misrepresentations as to their status as licensed stockbrokers; rather, the "core of the[ir] offenses" was their sale of securities without disclosing their commissions. Their misrepresentations as to their status as licensed stockbrokers were simply steps they took to commit these "core" offenses. In contrast to the enhancement in *Echevarria*, therefore, the enhancement here did not duplicate the punishment for the underlying offenses of conviction.

Accordingly, we conclude that *Echevarria* does not bar a decision that Hussey and Alexander each occupied a "position of trust" within the meaning of Section 3B1.3.[3] In light of this conclusion, we hold that the District Court properly enhanced their sentences under Section 3B1.3 for abuse of a position of trust. From "the perspective of the offense victim," *Wright*,

---

**3.** As a side matter, we note that two other Courts of Appeals have criticized our holding in *Echevarria*, *see United States v. Gill*, 99 F.3d 484, 489 (1st Cir.1996); *United States v. Barnes*, 125 F.3d 1287, 1292 (9th Cir.1997), and, ultimately, the United States Sentencing Commission explicitly rejected it. Effective November 1, 1998, the Sentencing Commis-

sion adopted Amendment 580, which added Application Note 2 to Section 3B1.3. This Note provides:

Th[e] adjustment [under Section 3B1.3] also applies in a case in which the defendant provides sufficient indicia to the victim that the defendant legitimately holds a position of private or public trust *when, in fact,*

160 F.3d at 910, both Hussey and Alexander were legitimate stockbrokers and therefore occupied positions of trust. Moreover, the evidence presented at trial adequately supports the District Court's finding that both Hussey and Alexander used this position to facilitate the commission of the offenses for which they were convicted.

## III. Conclusion

In sum, the District Court acted within its discretion in imposing a two-level enhancement for abuse of a position of trust. For this reason, as well as those provided in a separate summary order filed today, the judgments of the District Court are affirmed.

*the defendant does not.* For example, the adjustment applies in the case of a defendant who (A) perpetrates a financial fraud by leading an investor to believe that the defendant is a legitimate investment broker; or (B) perpetrates a fraud by representing falsely to a patient or employer that the defendant is a licensed physician. In making the misrepresentation, the defendant assumes a position of trust, relative to the victim, that provides the defendant with the same opportunity to commit a difficult-to-detect crime that the defendant would have had if the position were held legitimately. U.S.S.G. § 3B1.3, application note 2 (1998) (emphasis added).

The Government argues that, in adopting this Amendment, the Sentencing Commission overruled our holding in *Echevarria* insofar as it pertains to the facts of that case, but merely "clarified" Section 3B1.3 as it applies to the facts here. *Cf. United States v. Bailey,* 227 F.3d 792, 801 n. * (7th Cir.2000) (holding that Amendment 580 is a clarifying amendment, in part, because the Seventh Circuit's prior interpretation of Section 3B1.3 conformed with the Amendment). As such, the Government argues that we are required to apply the Amendment here, even though it was made effective after the date of Hussey and Alexander's criminal conduct. *See United States v. Kirkham,* 195 F.3d 126, 131 (2d Cir.1999) (holding that a "clarifying" amendment to the Sentencing Guidelines must be applied on direct review even if not in effect at the time of sentencing).

Hussey and Alexander argue, on the other hand, that Amendment 580 constitutes a substantive change of the law as applied to the facts of this case and, as such, cannot be applied without violating their rights under the Ex Post Facto Clause of the Constitution. *See United States v. Bertoli,* 40 F.3d 1384, 1405 (3d Cir.1994) ("If ... the amended commentary ... overrule[s] prior judicial constructions of the guideline, *ex post facto* clause problems become more serious.").

We decline to resolve the question of whether Amendment 580 substantively amends, or merely clarifies, the Sentencing Guidelines, because we conclude that (1) under the pre-Amendment version of Section 3B1.3, both Hussey and Alexander occupied a "position of trust" within the meaning of the Section, and (2) the facts of this case are readily distinguishable from those of *Echevarria.*