**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4210**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JAMES THOMAS DAVIS,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior
District Judge.  (5:05-cr-00226-H)

———————

Submitted:  March 26, 2008          Decided:  April 14, 2008

———————

Before MOTZ and SHEDD, Circuit Judges, and WILKINS, Senior Circuit
Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

R. Clarke Speaks, Edwin J. Tisdale, SPEAKS LAW FIRM PC, Wilmington,
North Carolina, for Appellant.  George E. B. Holding, United States
Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted James Thomas Davis of conspiracy to make false statements and to commit mail and wire fraud, in violation of 18 U.S.C.A. § 371 (West 2000 & Supp. 2007); two counts of making false statements on documents, in violation of 18 U.S.C.A. § 1001 (West 2000 & Supp. 2007); one count of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2007); and two counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West 2000 & Supp. 2007). The district court sentenced him to a total of 200 months of imprisonment. Davis appeals his convictions and sentence, asserting that counsel provided ineffective assistance and that the district court erred in calculating his total offense level. We affirm.

Davis asserts that counsel provided ineffective assistance by failing to present a defense. Specifically, Davis contends that counsel failed to challenge on cross-examination Yvonne Smith's recollection of him, failed to object to Mary Sabo's lack of knowledge of the loan underwriting process and to an exhibit admitted during her testimony, and failed to cross-examine Anne Campbell. Next, Davis asserts that counsel should have called realtors and appraisers to give the jury a different perspective on his conduct and that counsel failed to introduce a videotape that could have provided unspecified exculpatory evidence. Davis also asserts that his attorneys, assistant federal public defenders,

provided ineffective assistance due to a conflict of interest--specifically, that the sister of an investigator in the public defender's office was an alleged victim of Davis' crimes.

This court, however, "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Our careful review of the trial transcript leads us to conclude that Davis fails to meet this high standard. We therefore decline to review these claims on direct appeal.

With regard to his sentence, Davis contends that the district court erred in applying a sixteen-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(1)(I) (2006), based upon the amount of loss because the court should not have relied on fraudulent transactions that were not presented at trial. He also contends that the district court wrongly applied an upward adjustment under USSG § 3B1.3 for abuse of a position of trust because he never held himself out to be a licensed real estate professional.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant after United States v. Booker, 543 U.S.

220 (2005), a district court must properly calculate the guideline range, determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determine an appropriate sentence. Gall, 128 S. Ct. at 596-97; Pauley, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Although Davis asserts that the district court erred by considering loss amounts not presented at trial, we find that the district court properly applied the preponderance of the evidence standard in determining the amount of loss. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). We also reject Davis' challenge to the district court's application of an upward adjustment for abuse of a position of trust. See United States v. Ebersole, 411 F.3d 517, 535-36 (4th Cir. 2005) (discussing standards for applying USSG § 3B1.3); United States v. Bollin, 264 F.3d 391, 416 (4th Cir. 2001) (upholding adjustment where defendant led investors to believe "he was a legitimate, experienced debentures trader" and "the investors provided [defendant] with the discretion to invest on their behalf and expected [defendant] to make trades in their best interest, which he did not do"); United

- 4 -

States v. Hussey, 254 F.3d 428, 431-32 (2d Cir. 2001) (upholding § 3B1.3 adjustment where victims believed defendants were legitimate stockbrokers and acted as fiduciaries in suggesting and trading stocks); see also United States v. Sudeen, 434 F.3d 384, 391-92 (5th Cir. 2005) (citing Hussey and rejecting argument that, for § 3B1.3 adjustment to apply, defendant must legitimately occupy position of trust). We therefore find no error in the district court's calculation of Davis' total offense level.

Accordingly, we affirm the district court's judgment and decline to review Davis' claims of ineffective assistance of counsel on direct appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED