PRADO, Circuit Judge,
concurring:
I write separately to discuss the court’s review of the district court’s application of the two-level abuse-of-trust enhancement to Pruett’s sentence under U.S.S.G. § 3B1.3.
Standard of review is frequently viewed as a cursory statement that precedes a court’s analysis of the relevant issues on appeal. But the maxim that “standard of review decides cases” is crucial to understanding the actual work of an appellate court.[1] As Childress and Davis have written in their seminal treatise on the matter, “Although standards of review often are baldly stated without explicit reference to the relevant degree of deference, deference is always the underlying notion.” Stephen Alan Childress & Martha S. Davis, 2 Federal Standards of Review § 7.02 (4th ed.2010). Viewed from the opposite side of the coin, “a review standard describes the positive authority the appellate court wields in its review function.” Id. § 1.01. Given its crucial importance in the scheme of how an appellate court *251 works, this court’s inattention to the proper standard for review of sentencing enhancements is troubling. Such inattention is rendered even more troubling upon recognizing that a central goal of our federal sentencing regime is to provide for uniformity. See Koon v. United States, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); United States v. Gon-calves, 613 F.3d 601, 608 (5th Cir.2010).
As it pertains to the enhancement challenged by Pruett in this case, United States v. Dial acknowledged the intra-circuit split as to the appropriate standard of review for § 3B1.3 enhancements. 542 F.3d 1059, 1060 (5th Cir.2008).
We review for clear error the district court’s application of § 3B1.3 to the facts, including its factual determination that Dial held a position of trust. See United States v. Smith, 203 F.3d 884, 893 (5th Cir.2000); United States v. Ehrlich, 902 F.2d 327, 330 (5th Cir. 1990). This court recently applied de novo review to whether the defendant held a position of trust. See United States v. Kay, 513 F.3d 432, 460 (5th Cir.2007)[, cert. denied, 555 U.S. 813, 129 S.Ct. 42, 172 L.Ed.2d 21 (2008)]. The panel in Kay, 513 F.3d at 460 & n. 125, relied on United States v. Sudeen, 434 F.3d 384, 391 n. 19 (5th Cir.2005), which based its statement on United States v. Hussey, 254 F.3d 428, 431 (2d Cir.2001), after observing that the standard of review would not affect its decision.
De novo review appears foreclosed, however, by this circuit’s earlier ruling that a “district court’s application of § 3B1.3 is a sophisticated factual determination that will be affirmed unless clearly erroneous.” [Ehrlich, 902 F.2d at 330.] Despite whatever persuasiveness Kay and Sudeen may have, our rule of orderliness directs that “‘one panel of this court cannot overrule the decision of another panel.’ ” [Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir.1997).]
Id. (footnotes omitted). Therefore, the standard of review used by the court in this case — clear error — is the correct one,[2] see supra Per Curiam Op. at 248, based on earliest case controls, see Matter of Howard, 972 F.2d 639, 641 (5th Cir.1992).
It is not just in the context of § 3B1.3 enhancements that we have been inconsistent in our standard of review for Guidelines enhancements. I have previously written about the intra-circuit split as to “whether the determination that [U.S.S.G.] § 3Cl.l’s [obstruction of justice] requirements are met is ... a question of fact” or a question of law and what the corresponding standard of review is — a question that has also produced an inter-circuit split. See United States v. Claiborne, 676 F.3d 434, 439 n. 1 (5th Cir.2011) (Prado, J., concurring). Broadly framed, the issue is whether adjustments under Section 3 of the Guidelines are questions of law reviewed de novo or questions of fact reviewed for clear error.
The First Circuit in United States v. Sicher, 576 F.3d 64 (1st Cir.2009), nicely summarizes the uncertainty (and split amongst the circuits) in this area of sentencing law, with specific reference to § 3B1.3 enhancements.
While we have used the language of “de novo” review to apply to a trial judge’s legal conclusion from the facts, we think this is more like a mixed question of law *252 and fact, with a sliding scale of review depending on whether the trial judge’s conclusion is more law-oriented or more fact-driven. Recently the D.C. Circuit, recognizing that it had used different standards of review, stated that “insofar as the district court applied the ‘abuse of trust’ Guideline to the facts of [the defendant’s] case, due deference is the appropriate standard of review.” United States v. Tann, 532 F.3d 868, 875 n. * (D.C.Cir.2008).
Several circuits state that they review the application of the Guidelines de novo and the district court’s factual findings for clear error. United States v. Spear, 491 F.3d 1150, 1153 (10th Cir.2007); United States v. Andrews, 484 F.3d 476, 478 (7th Cir.2007); United States v. Brave Thunder, 445 F.3d 1062[, 1065] (8th Cir.2006); United States v. Eber-sole, 411 F.3d 517, 535-36 (4th Cir.2005); United States v. Britt, 388 F.3d 1369, 1371 (11th Cir.2004) (per curiam), vacated on other grounds, 546 U.S. 930, 126 S.Ct. 411, 163 L.Ed.2d 313 (2005); see also United States v. Brogan, 238 F.3d 780, 783 (6th Cir.2001) (reviewing de novo decision of a district court to apply § 3B1.3).
Other circuits have framed the standard of review somewhat differently. See United States v. Dullum, 560 F.3d 133, 140 (3d Cir.2009) (district court’s determination that defendant occupied a position of trust reviewed de novo; the court’s determination that defendant abused that position in a manner that significantly facilitated the offense is a question of fact reviewed for clear error); United States v. Hirsch, 239 F.3d 221, 227 (2d Cir.2001) (same); see also United States v. Ollison, 555 F.3d 152, 164 (5th Cir.2009) (“The application of ... § 3B 1.3 is a sophisticated factual determination reviewed under the clearly erroneous standard.” (quoting United States v. Fisher, 7 F.3d 69, 70-71 (5th Cir.1993))); cf. United States v. Thornton, 511 F.3d 1221, 1227 n. 4 (9th Cir. 2008) (“Before Booker, we reviewed the application of the abuse of trust enhancement — a mixed question of law and fact — de novo ... Although the same standard of review may well apply after Booker, we need not decide the issue.” (citation omitted)).
Id. at 70 n. 6.
Keeping the principles of deference that undergird standard of review in mind, the district court’s determination that a defendant abused a position of trust or obstructed justice seems to be similar to a jury’s determination of a defendant’s guilt. The jury is given a set of legal principles to which they must apply the facts as they find them. This is the same sort of inquiry that the district court conducts: finding facts and then applying the law (in sentencing, the Guidelines) to those facts. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir.2008) (“[A] district court’s interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error.” (internal quotation marks and ellipsis omitted)).
The hybrid nature of this process is reflected in the standard of review for convictions by a jury. In reviewing the sufficiency of the evidence supporting a jury’s verdict, we apply a deferential variant of de novo review. Our review is de novo, but we view all of the evidence, resolve all credibility determinations, and make all reasonable inferences in favor of the jury verdict. United States v. Wink-ler, 639 F.3d 692, 696 (5th Cir.2011). The deference is accorded because of the jury’s fundamental role in our criminal justice system. See Apprendi v. New Jersey, 530 U.S. 466, 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
*253 Similar to the jury, the sentencing judge holds a special position in our criminal justice system. See United States v. Booker, 543 U.S. 220, 249-55, 265, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (discussing the need for individualized assessment by judges before determining that the Guidelines could not operate as mandatory); see also Koon, 518 U.S. at 113, 116 S.Ct. 2035 (“It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.”). As a former district judge (for nineteen years), I know well that such an individualized assessment is crucial to ensure that justice is a central component of federal sentencing. However, insulating such determinations with a standard such as clear error undercuts the goal of uniformity because often the determination that clear error applies will functionally foreclose review by this court. Therefore, consistent with Sickens description of these questions as “mixed question[s] of law and fact,” 576 F.3d at 70 n. 6, I think we ought to revisit the standard of review we apply to enhancements, like that under § 3B1.3.
In doing so, the D.C. Circuit has crafted the best articulation of what the standard of review should be: due deference. In standard of review,
Congress crafted a trichotomy: purely legal questions are reviewed de novo; factual findings are to be affirmed unless “clearly erroneous”; and we are to give “due deference” to the district court’s application of the guidelines to facts. “Due deference” presumably is meant to fall somewhere between de novo and “clearly erroneous,” a standard of review that reflects an apparent congressional desire to compromise between the need for uniformity in sentencing and the recognition that the district courts should be afforded some flexibility in applying the guidelines to the facts before them.
United States v. Kim, 23 F.3d 513, 517 (D.C.Cir.1994); see also Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (describing the standard of review for sentences outside the advisory Guidelines ranges as being for “due deference”).
We, as a court, need to bring consistency and logic to our review of sentencing enhancements. The scattershot approach that we have taken in this realm threatens uniformity and does not adequately grapple with the difficult issues of deference present in this area of the law.

. Oddly enough in this case, the relevant standard of review is of little consequence because under any standard, Pruett's § 3B1.3 enhancement would be upheld.

. It is, however, worth noting that Dial has not cleared up all confusion in this circuit about the proper standard of review for § 3B1.3 enhancements, as at least one panel post-Dial has applied de novo review. See, e.g., United States v. Carr, 303 Fed.Appx. 166, 170 (5th Cir.2008).