IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-30696

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

v.

BRANDON KEITH DIAL,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before JONES, Chief Judge, GARWOOD and SMITH, Circuit Judges.

PER CURIAM:

Brandon Dial appeals the sentence imposed after he pleaded guilty of mail fraud and uttering false securities. Dial was an insurance adjuster who defrauded his employer by paying himself and others for invalid insurance claims. He

contends that the district court erred by increasing his offense level under U.S.S.G. § 3B1.3 for abusing a position of trust. He argues that he was merely a "run-of-the-mill" claims adjuster without significant professional or managerial responsibility.

We review for clear error the district court's application of § 3B1.3 to the facts, including its factual determination that Dial held a position of trust. See United States v. Smith, 203 F.3d 884, 893 (5th Cir. 2000); United States v. Ehrlich, 902 F.2d 327, 330 (5th Cir. 1990). This court recently applied de novo review to whether the defendant held a position of trust. See United States v. Kay, 513 F.3d 432, 460 (5th Cir. 2007), petition for cert. filed (Apr. 9, 2008) (No. 07-1281). The panel in Kay, 513 F.3d at 460 & n.125, relied on United States v. Sudeen, 434 F.3d 384, 391 n.19 (5th Cir. 2005), which based its statement on United States v. Hussey, 254 F.3d 428, 431 (2d Cir. 2001), after observing that the standard of review would not affect its decision.

De novo review appears foreclosed, however, by this circuit's earlier ruling that a "district court's application of § 3B1.3 is a sophisticated factual determination that will be affirmed unless clearly erroneous."[1] Despite whatever persuasiveness Kay and Sudeen may have, our rule of orderliness directs that "'one panel of this court cannot overrule the decision of another panel.'"[2]

Dial had discretionary authority to settle and pay claims of up to $10,000 and de facto discretion to settle and pay up to $25,000 for some property claims. That authority placed him in a posture to commit the offense superior to that of the general public, thereby putting him in a position of trust that he abused. See

---

[1] Ehrlich, 902 F.2d at 330; see Smith, 203 F.3d at 893; United States v. Fisher, 7 F.3d 69, 70-71 (5th Cir. 1993); see also United States v. Mejia-Orosco, 867 F.2d 216, 221 (5th Cir. 1989) (rejecting a dissection of the issue into legal and factual components and noting "that findings which require both assessment of complex evidence as well as sensitivity to legal purposes may nevertheless be factual").

[2] Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 243, 247 (5th Cir. 1997); accord Barrientes v. Johnson, 221 F.3d 741, 780 n.30 (5th Cir. 2000).

United States v. Powers, 168 F.3d 741, 752 (5th Cir. 1999). The district court did not commit clear error by imposing the increase. See Smith, 203 F.3d at 893; Ehrlich, 902 F.2d at 330.

The judgment is AFFIRMED.