DeMOSS, Circuit Judge,
specially concurring:
In United States v. Santos, — U.S. -, 128 S.Ct. 2020, 2025, 170 L.Ed.2d 912 (2008), the Supreme Court held that in a prosecution for promotional money laundering under 18 U.S.C. § 1956(a)(1), the government must prove that the “proceeds” involved were the “profits” of unlawful activity. In this case, we must determine if Fortino Cobain Bueno is criminally liable under a one-count indictment for conspiracy to commit § 1956(a)(1), where he was apprehended while transporting over $130,000 of drug-derived funds cross-country, but there was no evidence that the cash was profits of a controlled-substances enterprise, nor evidence that Bueno knew the cash was profits. Our precedent and the plain-error rule oblige us to answer this question in the affirmative. For this reason, I concur in the panel’s disposition of this appeal. However, I write separately to lodge my concern that our Circuit has misapplied Supreme Court precedent at arriving at this state of affairs. I think the better course would be to reverse and remand for a new trial to determine whether the money hidden in Bueno’s car was profits, as opposed to gross receipts, of drug-related activities.
I.
Bueno is a gardener from California. Driving a Honda Accord cross-country, he was stopped for speeding in Mitchell County, Texas. He consented to a search of the car; this revealed bundles of cash hidden in the car’s panels. During a videotaped interview with police, Bueno, who is illiterate and does not speak English well, waived his Miranda rights. He said he went to North Carolina to buy used cars, and while staying at a house in the town of Hope Mills, he was instructed to drive the Honda and hidden cash from North Carolina to California. Bueno was paid around $2000. He insisted that he did not want to drive the money to California, but feared that his family would be harmed if he did not. Bueno knew little about the men who gave him this task. However, he inferred that his cargo was “drug money.” Bueno’s statements to law enforcement formed the bulk of the government’s case against him. The government did not present additional evidence about the nature of the alleged drug trafficking operation, the origin of the cash, or Bueno’s knowledge of whether the funds were gross receipts or profits.
*852 The district court instructed the jury that, for purposes of § 1956(a)(1), “proceeds” means “property that someone acquires or retains as a result of the commission of the underlying specified unlawful activity.”[1] Bueno did not object to this instruction, and the jury found him guilty. Bueno also filed a motion for acquittal under Fed.R.Crim.P. 29, on the basis that the evidence did not establish the essential elements of the offense. Bueno did not have the clairvoyance to argue in his Rule 29 motion that the government failed to prove the money was the profits of a drug operation, as opposed to gross receipts, because the Santos decision had not then been handed down. The court denied the motion, and Bueno appealed.
II.
Bueno’s strongest arguments arise under Santos, which was decided after Bueno’s trial, but before briefing in this appeal.[2] Bueno argues that in light of Santos, the evidence presented against him at trial is insufficient to support a conviction for money laundering. Nevertheless, owing to Bueno’s failure to anticipate and raise Santos-based arguments before the district court, we review only for plain error. Fed.R.Crim.P. 52(b); Johnson v. United States, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); United States v. Rios-Quintero, 204 F.3d 214, 215 (5th Cir.2000). Bueno must show (1) error, (2) that is plain, and (3) that affected his substantial rights. Johnson, 520 U.S. at 466-67, 117 S.Ct. 1544. If these conditions are met, we may exercise our discretion to correct the error if it “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” Id. at 467, 117 S.Ct. 1544. To determine whether an error is plain, we examine the state of the law at the time of appeal. See id. at 468, 117 S.Ct. 1544; see also Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (“[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a ‘clear break’ with the past.”). This rule is particularly salient to Bueno’s case, because Santos is a watershed change of law by the Supreme Court.
A.
In Santos, the Supreme Court held that the term “proceeds” in 18 U.S.C. § 1956(a)(1) is ambiguous, because it can either mean gross receipts or profits. 128 S.Ct. at 2025. The Court invoked the rule of lenity and held that the more restrictive, defendant-friendly definition applies, i.e., profits. Id. Consequently, the Court vacated petitioner Santos’s conviction, which Santos had collaterally attacked via a habeas corpus petition under 28 U.S.C. § 2255. Id. at 2023.
While the Court’s disposition is easily summarized, its vote was fractured, giving lower courts scant guidance for future applications. Justice Scalia, joined by Justices Souter, Thomas, and Ginsburg, believed that the government must prove in any promotional money laundering prosecution (1) that the defendant conducted a transaction with “profits,” and (2) that the defendant knew the transaction involved profits of unlawful activity. Id. at 2029. Justice Scalia emphasized that the same statutory term must be given the same *853 meaning in all cases; the definition of the term cannot bend according to the facts presented. Id. at 2030 (citing Clark v. Martinez, 543 U.S. 371, 378, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005)).[3] Justice Stevens reasoned that the government need only prove the more prosecution-friendly “gross receipts” definition if legislative history showed congressional intent to cover such laundering activity, specifically in the controlled substances context. Id. at 2031-32 & n. 3. Justice Alito, joined by Chief Justice Roberts and Justices Kennedy and Breyer, would have held that “proceeds” is unambiguous and means “gross receipts” for all prosecutions under § 1956(a)(1). Id. at 2036.
B.
In the aftermath of Santos, this Court has struggled to define “proceeds” in money laundering prosecutions where the underlying unlawful conduct is a controlled substances offense. See United States v. Fernandez, 559 F.3d 303, 316-17 (5th Cir.2009); United States v. Brown, 553 F.3d 768, 783-84 (5th Cir.2008), cert. denied sub nom. Combs v. United States, — U.S. -, 129 S.Ct. 2812, 174 L.Ed.2d 293 (2009), sub nom. Brown v. United States, — U.S. -, 130 S.Ct. 246, 175 L.Ed.2d 168, No. 09-5316, 2009 WL 2058230 (Oct. 5, 2009).[4] The Brown panel reasoned that while Justice Stevens and the four dissenters might apply the “gross receipts” definition in the controlled substances context, it is also possible that one of the dissenting justices would join the Santos plurality so as to achieve a consistent definition of “proceeds” for all prosecutions under § 1956(a)(1). 553 F.3d at 784. In Brown, the panel did not need to decide which definition applies because the government presented “ample, unchallenged evidence” that the defendants’ illicit sales of painkillers were profitable. Id. Moreover, “[m]uch of the profits from these sales was deposited into pharmacy bank accounts in cash, accounts from which the money used in the charged transactions was drawn.” Id. As for erroneous jury instructions (which reflected the law pre-Santos), the Brown opinion further commented that the defendants’ failure to object, coupled with the unsettled state of the law post-Scrofos, meant that the defendants could not meet the plain-error standard. Id. at 785.
In Fernandez, another panel of this Court took a similar view of the “plainness” of the error of failing to present evidence or give a jury instruction which conforms to the definition of “proceeds” under Santos:
Justice Stevens’s comment that gross revenues were the relevant proceeds applies to the sale of contraband and the operation of criminal organizations, precisely the type of offenses for which Fernandez was convicted. While Justice Stevens and the plurality disagreed over the precise precedential effect of his statement, the uncertainty renders any error here not “plain.”
559 F.3d at 316. In other words, the Supreme Court gave an ambiguous inter *854 pretation to an ambiguous statute. Thus, Fernandez stands for that proposition that, while statutory ambiguity favors the accused per the rule of lenity, ambiguity in subsequent case law prevents the convicted from showing plain error. I find this nonsensical.
The panel in Fernandez, perhaps unconvinced that the error was not plain, also reasoned that Fernandez’s substantial rights were unaffected. Fernandez was convicted of § 1956(a)(1)(B)(i) and (ii), “which prohibit transactions designed to ‘conceal or disguise’ the origins or location of the proceeds of illegal activity, or to avoid legal reporting requirements.” Id. at 317. Like Bueno, Santos was convicted of § 1956(a)(1)(A)(i), which “prohibits conducting a financial transaction with the proceeds of illegal activity ‘with the intent to promote the carrying on of additional illegal activity.” Id. at 316. Thus, Fernandez was convicted of a different subsection of the money laundering statute. Moreover, the government presented evidence that Fernandez used laundered funds to purchase assets unrelated to the controlled substances activity in “a string of transactions over a period of fifteen years involving real estate, horses, and multiple shell corporations.” Id. at 317. A fortiori, such funds were inferentially profits of the drug trafficking conspiracy.
C.
I disagree with the narrow reading our Court has given Santos in the controlled substances context in Brown and Fernandez. I also believe that this case is factually distinguishable from Brown and Fernandez, and that under my reading of Santos, Bueno can show plain error. I recognize that, arguably, Brown and Fernandez can be interpreted to control our decision in this case. Nevertheless, I will explain my reasoning herein.
In my mind, Santos brought about a substantial change in the meaning of the federal money laundering statute. It seems to me that Santos stands for the proposition that the term “proceeds” in § 1956 is ambiguous. Therefore, our interpretation must be guided by the rule of lenity in all money laundering prosecutions. As Justice Scalia said, Santos did not settle the stare decisis question one way or another. Id. at 2031 (“ ‘[P]roceeds’ means ‘profits’ when there is no legislative history to the contrary. That is all that our judgment holds. It does not hold that the outcome is different when contrary legislative history does exist.”). I do not see it fit to count Supreme Court votes in a theoretical money laundering case where the underlying offense is a controlled substances violation. In light of the uncertainty reigning post-Santos, I would grant Bueno the benefit of a very considerable doubt, and hold that the rule of lenity obliges us to define “proceeds” as “profits” in this case. There is evidence that the cash was drug money — Bueno’s statements and admissions establish this beyond peradventure. However, there is no evidence whatsoever that the money was profits, nor that Bueno, a low-level bagman, knew that the money represented drug-trafficking profits. Bueno was apparently kept in the dark about the nature of the organization he served and the funds he delivered; he was only told that he was to drive over $130,000 from point A (North Carolina) to point B (California).
We judge error at the time of appeal. See Johnson, 520 U.S. at 468, 117 S.Ct. 1544. Thus, I would hold that the district court erred in failing to instruct the jury that “proceeds” means “profits,” as opposed to property derived from criminal activity (i.e., gross receipts). Given the absence of evidence of profits, or Bueno’s knowledge thereof, the court likewise *855 erred in failing to grant Bueno’s motion for judgment of acquittal. The difference between “profits” and “gross receipts” is obvious; these errors were plain. I recognize that this conclusion arguably conflicts with Brown and Fernandez. See 553 F.3d at 785, 559 F.3d at 316. Our rule of orderliness prevents this panel from overruling a prior decision; therefore, I reluctantly concur in the panel’s result. See United States v. Dial, 542 F.3d 1059, 1060 (5th Cir.2008).
In my view, the error affected Bueno’s substantial rights. As discussed above, there is simply no evidence that the money in Bueno’s car was profits, as opposed to gross receipts. This sets this case apart factually from either Brown or Fernandez; in both of those cases, the government presented extensive evidence of the profitability of the respective controlled-substances activities. Finally, I believe that we should exercise our discretion to correct the error, because it “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” See Johnson, 520 U.S. at 467, 117 S.Ct. 1544. It bears emphasizing that the gulf between the elements of § 1956(a)(1) and the proof adduced at trial is vast. Moreover, the Supreme Court saw it fit in Santos to vacate on collateral review a conviction which had been final for nearly a decade. See 128 S.Ct. at 2023.[5] It stands to reason that if the Supreme Court saw it fit to apply the rule of lenity and to vacate Santos’s long-final conviction, we should not hesitate to grant relief on direct appeal. If I could, I would vacate the conviction and remand to the district court for retrial.

. I can find no language in the money laundering statute from which this definition would have been drawn.

. I fully concur in the panel's reasoning regarding Bueno’s other arguments.

. Justice Thomas did not join the portion of the plurality opinion which discussed stare decisis and Justice Stevens’s opinion.

. Congress has since amended the statute. Effective May 20, 2009, § 1956(c)(9) now reads: “the term 'proceeds' means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.” Fraud Enforcement and Recovery Act of 2009, Pub.L. 111-21, § 2(f)(1)(B), 123 Stat. 1617, 1618 (2009). The bill is silent on retroactivity; therefore, it only applies to conduct which occurs post-amendment. See Landgraf v. USI Film Prods., 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

. Santos’s conviction was affirmed on direct appeal to the Seventh Circuit; the Supreme Court then denied his petition for a writ of certiorari. A subsequent Seventh Circuit decision held that "proceeds” under § 1956 actually means "profits.” See United States v. Scialabba, 282 F.3d 475, 477-78 (7th Cir.2002). Scialabba was a money laundering conviction where the underlying offense was running an unlawful gambling business, but its reasoning applies to drug-related activities as well: “Likewise, one would suppose, the 'proceeds' of drug dealing are the profits of that activity (the sums available for investment outside drug markets), the net yield rather than the gross receipts that must be used to buy inventory and pay the wages of couriers.” Id. at 477. Santos sought to set aside his conviction via a writ of habeas corpus under 28 U.S.C. § 2255. The district court granted relief and the Seventh Circuit affirmed, as did the Supreme Court. See 128 S.Ct. at 2023.