# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2010

No. 09-20595
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES GORDON ROGERS,

Defendant-Appellant

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-13-1

---

Before REAVLEY, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Gordon Rogers appeals the 120-month sentence imposed following his guilty plea conviction for 14 counts of passing fictitious securities, namely, certificates of deposit (CDs). Rogers presents three arguments: (1) that the district court erred by imposing the two-level abuse of trust enhancement pursuant to U.S.S.G. § 3B1.3; (2) that the district court erred by failing to adequately explain its reasons for varying upward from the 46-to-57-month guidelines range of imprisonment and by failing to address the mitigation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments he presented; and (3) that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

In challenging the abuse of trust enhancement, Rogers first contends that whether he abused a position of trust is a legal issue, reviewed de novo. However, the issue of de novo review is foreclosed, and instead we review the district court's application of § 3B1.3 to the facts for clear error. *See United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008).

Section 3B1.3 of the Guidelines provides in pertinent part that "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." Rogers was the president and chief executive officer (CEO) of his company, which he portrayed to his victims was a tax business and a financial planning business. Rogers directly approached his victims to invest their funds into his company. When he ran out of money, he then persuaded those investors and other victims to purchase CDs from his company, which he represented had high rates of return. It was relatively easy for Rogers, who had unfettered discretion over the investment funds, to conceal his wrongdoing by falsely assuring his victims that all their money had been placed in CDs by supplying them with fraudulent records of those CDs and by falsely assuring his investors that his company was profitable by paying them small dividends. His position of trust, as president and CEO of his company, put him in a position superior to that of the general public to obtain and use his victims' funds for his own use and to pay other investors dividends. *See United States v. Buck*, 324 F.3d 786, 795 (5th Cir. 2003). The district court did not err in overruling Rogers' objection to the § 3B1.3 enhancement.

Rogers' second claim, that the court procedurally erred by not adequately explaining its reasons for varying upward and by failing to address his mitigation arguments, also fails. Contrary to Rogers' assertions, the district court carefully weighed the § 3553(a) factors, emphasized that each case must

be considered individually, and articulated sufficiently compelling reasons to justify the 120-month sentence. The court provided an explicit oral and written explanation for the upward variance that included fact-specific reasons such as the length of the scheme to defraud, the striking similarity between the instant offense and Rogers' prior security fraud offense, and the profound negative effect that the offense had on the victims. The district court also explained that the variance was necessary to reflect the seriousness of the offense, provide just punishment, and afford actual deterrence to future criminal conduct. Additionally, the court read and listened to the mitigation arguments presented by Rogers and his counsel and, in its statement of reasons, cited Rogers' history and characteristics as one of its reasons for imposing the sentence. The district court's reasons, tied to specific facts and particular § 3553(a) factors, were sufficient to justify the variance and the extent and satisfy the requirement that the court give reasons to permit meaningful appellate review. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Accordingly, Rogers has not shown any procedural error.

Finally, Rogers has not shown that his sentence is substantively unreasonable. The district court made the required individualized assessment and was free to conclude, as it did, that in Rogers' case the guidelines range gave insufficient weight to some of the sentencing factors, including the seriousness of the offense, the need to provide just punishment, and the need for deterrence. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008); § 3553(a). Furthermore, though Rogers lists a set of factors he contends the court did not consider, he presents no convincing argument that any of these is substantial enough that it should have been weighted more heavily. *See Smith*, 440 F.3d at 708 (5th Cir. 2006).

The district court's judgment is AFFIRMED.