# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2012

Lyle W. Cayce
Clerk

No. 11-20872
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEFANY DANELIA MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-377-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Estefany Danelia Martinez appeals the sentences imposed following her guilty plea convictions for one count of aiding and abetting theft or embezzlement by a bank officer or employee and one count of bank robbery. She contends that the district court erred in applying the two-level enhancement under U.S.S.G. § 3B1.3, which applies if "the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The facts underlying the criminal activity are not in dispute. Martinez and Anna Margarita Rivera helped plan a staged robbery of the bank where they worked as tellers. They recruited Ricky Gonzalez, who was Martinez's boyfriend, and Arturo Solano, who was Rivera's brother, to participate as the purported robbers. To minimize the likelihood of customers being present, Martinez and Rivera planned for the staged robbery to occur close to the bank's closing time on a day when they were both scheduled to work the late shift. Martinez, Rivera, Gonzalez, and Solano were the only ones inside the bank at the time of the staged robbery.

For § 3B1.3 to apply, the defendant must have (1) occupied a position of trust and (2) used that position to significantly facilitate the commission or concealment of the offense. § 3B1.3; *United States v. Ollison*, 555 F.3d 152, 165 (5th Cir. 2009). Martinez disputes only whether she occupied a position of trust. "A position of trust is characterized by (1) professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference), and (2) minimal supervision." *Ollison*, 555 F.3d at 166 (citing § 3B1.3, comment. (n.1)). Section 3B1.3, comment (n.1) instructs that the requirements for the enhancement are not met in the case of "an embezzlement or theft by an ordinary bank teller."

The district court found that Martinez's responsibilities at the bank exceeded those of an ordinary bank teller for purposes of § 3B1.3. The district court's application of § 3B1.3 is reviewed for clear error, including its finding that Martinez held a position of trust. *See United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008). A finding is not clearly erroneous if "it is plausible in light of the record as a whole." *United States v. Miller*, 607 F.3d 144, 148 (5th Cir. 2010).

Martinez asserts that she lacked professional or managerial discretion in her position as the lowest level teller, had worked at the bank for less than a year, made only $7.00 per hour, and was only 18 years old at the time of the

criminal activity.  She does not dispute that the bank trusted her not to steal from it, she participated in planning the staged robbery, she advised the purported robbers of the general layout of the bank, she advised the purported robbers that she would place a tracking device into the bag of stolen money so that the staged robbery would seem real, she had the code to the vault and was able to access the vault, and she had the duty to close the bank.  However, she asserts that even the most lowly of tellers had the knowledge and duties involved in those circumstances and that none of those circumstances involved professional or managerial discretion.

While a bank teller generally does not utilize a position of trust when simply adding and removing cash to and from the till, "the same teller certainly may engage in other activities in the course of her job that do involve aspects of trust which may be exploited to facilitate a crime." *United States v. Smith*, 203 F.3d 884, 893 (5th Cir. 2000).  In addition to knowing the layout of the bank, the time the staged robbery should occur, and the location of tracking devices, Martinez was given access to the vault and was responsible, along with Rivera, for closing the bank for the day.  The district court's finding that Martinez occupied a position of trust for purposes of § 3B1.3 was plausible based on the record as a whole and, thus, not clearly erroneous.  *See Smith*, 203 F.3d at 892-94.

AFFIRMED.