# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2012

Lyle W. Cayce
Clerk

No. 11-20886
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANNA MARGARITA RIVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-377-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Anna Margarita Rivera appeals the sentences imposed following her guilty plea convictions for one count of aiding and abetting theft or embezzlement by a bank officer or employee and one count of bank robbery. She argues that the district court erred procedurally in applying the enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust and the enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. The district court's application of § 3B1.3 is reviewed for clear error, including its finding that Rivera held a position of trust.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008). We also review for clear error the district court's finding that a defendant obstructed justice under § 3C1.1. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). A finding is not clearly erroneous if "it is plausible in light of the record as a whole." *United States v. Miller*, 607 F.3d 144, 148 (5th Cir. 2010).

For § 3B1.3 to apply, the defendant must have (1) occupied a position of trust and (2) used that position to significantly facilitate the commission or concealment of the offense. § 3B1.3; *United States v. Ollison*, 555 F.3d 152, 165 (5th Cir. 2009). Rivera disputes only whether she occupied a position of trust. In *United States v. Smith*, 203 F.3d 884, 886, 893 (5th Cir. 2000), a part-time teller at a bank branch provided information concerning bank procedures, including information on when to rob the bank, the location of the money, the existence of tracking devices, and how to avoid the recording of their faces by the security camera. *Id.* at 886, 892-93. Rivera does not dispute that she participated in planning the staged robbery, advised the purported robbers of the general layout of the bank, advised the purported robbers that she would place a tracking device into the bag of stolen money so that the staged robbery would seem real, had the access code to the vault, and had the duty to close the bank. The district court's finding that Rivera occupied a position of trust for purposes of § 3B1.3 was plausible based on the record as a whole and not clearly erroneous. *See Smith*, 203 F.3d at 892-94.

Section 3C1.1 provides for a two-level increase "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." § 3C1.1. "False statements which significantly delay an investigation and prosecution, even if not successful in preventing it, may provide a sufficient basis for an obstruction enhancement." *United States v. Brooks*, 681 F.3d 678, 717

No. 11-20886

(5th Cir. 2012) (internal quotation marks and citation omitted), *petitions for cert. filed* (Aug. 9 and 16, 2012) (Nos. 12-5812, 12-218, and 12-5847). Rivera asserts that the search for similar crimes was a routine part of the investigation that would have proceeded notwithstanding her false statements. In *United States v. Phipps*, 319 F.3d 177, 191-92 (5th Cir. 2003), the court rejected a similar argument and held that a defendant's false identification of an accomplice, which delayed the investigation by sending the investigators down the wrong trail, constituted obstruction. The implicit finding that the false information that Rivera gave to the investigating officers delayed the investigation, "is plausible in light of the record as a whole." *Miller*, 607 F.3d at 148. The district court did not clearly err in finding that Rivera's conduct constituted obstruction of justice under § 3C1.1. *See Juarez-Duarte*, 513 F.3d at 208.

AFFIRMED.