# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20621
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIX MADUKA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-24-2

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Felix Maduka pleaded guilty to one count of conspiracy to structure bank withdrawals to avoid reporting requirements and eight counts of structuring bank withdrawals to avoid reporting requirements. *See* 31 U.S.C. § 5324(a)(3) and (d)(2); 18 U.S.C. § 371. He was sentenced to concurrent, within-guidelines sentences of 60 months in prison on each count, to be followed by three years of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20621

On appeal, Maduka asserts that the legislature did not intend for a person to violate § 5324 in the absence of further criminal activity. Questions of statutory interpretation are reviewed de novo. *United States v. Lawrence*, 727 F.3d 386, 391 (5th Cir. 2013). Section 5324, plainly and unambiguously, makes it unlawful for a person to structure a currency transaction for the purpose of evading federal reporting requirements. There is simply no requirement that the person's motivation for evading the federal reporting requirements be related to further criminal activity, and Maduka points to nothing that calls the plain reading of the statute into question. *See Salinas v. United States*, 522 U.S. 52, 57 (1997); *United States v. Rodriguez*, 132 F.3d 208, 212 (5th Cir. 1997); *United States v. Kay*, 359 F.3d 738, 742-43 (5th Cir. 2004). This issue is unavailing.

Next, Maduka argues that the district court erred in applying the two-level enhancement for abuse of a position of trust. Under U.S.S.G. § 3B1.3, an enhancement is appropriate if the defendant occupies a position of trust and the defendant abused that position in a manner that significantly facilitated the commission or concealment of the offense. § 3B1.3; *United States v. Ollison*, 555 F.3d 152, 165 (5th Cir. 2009). Because Maduka objected to this enhancement in the district court, the district court's application of § 3B1.3 to the facts is reviewed for clear error. *United States v. Miller*, 607 F.3d 144, 147-48 (5th Cir. 2010); *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008).

The district court did not clearly err when it applied the position of trust enhancement to Maduka's sentence. Maduka was an administrator, authorized official, director, and owner of Joystar Home Health Service, LLC (Joystar), which was a Texas corporation that provided services to Medicare beneficiaries and received payments for such services from Medicare. Maduka's position with Joystar provided him with broad discretion in

structuring the currency withdrawals (in an unlawful manner) and the ability to act in a manner to conceal the unlawful structuring of currency withdrawals. *United States v. Pruett*, 681 F.3d 232, 248-49 & n.10 (5th Cir. 2012). As for Maduka's claims that there was no abuse of trust because there were no victims of his offense of conviction, this court has "never held . . . nor do the guidelines explicitly require, that the determination whether a defendant occupied a position of trust must be assessed from the perspective of the victim." *United States v. Buck*, 324 F.3d 786, 794 (5th Cir. 2003). Further, there were collateral victims of the offense of conviction as a result of Maduka's fraudulent healthcare scheme – patients of Joystar, Medicare, the government, Chase Bank, and Bank of America. *See United States v. St. Junius*, 739 F.3d 193, 209 (5th Cir. 2013); *Miller*, 607 F.3d at 149; *United States v. Kay*, 513 F.3d 432, 459-61 (5th Cir. 2007); *Buck*, 324 F.3d at 795; *United States v. Gieger*, 190 F.3d 661, 665 (5th Cir. 1999); *United States v. Sidhu*, 130 F.3d 644, 647, 655-56 (5th Cir. 1997). Accordingly, Maduka has failed to show that the district court clearly erred when it assessed a two-level increase to his offense level under § 3B1.3 for abuse of position of trust.

Lastly, Maduka contends that his within-guidelines sentences are substantively unreasonable because they are greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and do not account sufficiently for his mitigating factors. He also contends that his sentence is excessive because a violation of § 5324 merely deprives the government of information and is a non-violent crime.

Generally, appellate courts review the sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Where, as here, the district court imposes a sentence within a properly calculated sentencing guidelines range, this court "will give great

deference to that sentence," and the sentence is entitled to a rebuttable presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The fact that this court might reasonably conclude that a different sentence was appropriate is insufficient to justify reversal. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008); *see Gall*, 552 U.S. at 51.

The record shows that the court heard and considered Maduka's mitigating arguments and the § 3553(a) factors, and it concluded that a within-guidelines sentence would satisfy the § 3553(a) goals. The district court specifically recalled Maduka's arguments in favor of a sentence lower than the advisory sentencing guidelines range but also noted Maduka's participation in the planning, organizing, and execution of the healthcare fraud and structured transactions that took place over four years and involved a substantial sum of money. Maduka has not shown a clear error of judgment on the part of the district court in balancing the necessary sentencing factors. *See Cooks*, 589 F.3d at 186.

Additionally, to the extent Maduka argues that the district court erred by failing to grant a downward departure, and to the extent Maduka requested a downward departure, this court lacks jurisdiction to review the denial of a request for a downward departure unless the denial was based on the district court's incorrect belief that it lacked authority to grant the departure. *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008). Maduka does not assert and nothing in the record suggests that the district court believed it could not grant a request for a downward departure. *See id.* at 350-51; *United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED.