# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30516
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD DOMINGUE, also known as Donald Domingues, also known as Donald Dominguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-216-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Domingue pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and was sentenced to 18 months in prison. He argues that the district court wrongly applied a two-level adjustment pursuant to U.S.S.G § 3B1.3 for abuse of a position of trust. He argues that this court has not held

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the position that he portrayed himself as occupying—an immigration consultant—is a position of trust.

The district court's application of § 3B1.3, including its factual finding as to whether a defendant held a position of trust, is reviewed for clear error. *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008).  Under § 3B1.3, an adjustment is proper if the defendant (1) held a position of trust and (2) abused it in a manner that significantly facilitated the commission or concealment of the offense.  § 3B1.3; *United States v. Ollison*, 555 F.3d 152, 165 (5th Cir. 2009). The adjustment applies if a defendant provides sufficient indicia to the victim that he validly holds a position of trust even if he does not.  § 3B1.3, comment. (n.3).

The unrebutted facts in the presentence report (PSR), which the district court adopted, support the adjustment.  *See Dial*, 542 F.3d at 1060.  Domingue falsely portrayed himself to detainees in Immigration and Customs Enforcement (ICE) facilities, and their relatives and friends, as an immigration consultant whose company performed immigration-related services.  These alleged services, included, inter alia, bonding detainees out of ICE facilities, assisting them with their deportation proceedings, consulting with them on immigration laws and procedures, and otherwise aiding with their immigration cases.  Domingue thus convinced his legally unsophisticated victims—who were desperate to avoid possible deportation and confinement— that he and his company could ably handle their immigration concerns. Relying on Domingue's misrepresentations, his victims transferred him money for the promised services.  Instead, however, Domingue exploited the discretion afforded to him by his victims: after receiving the transfers, he and his company would cease all contact with the detainee and the transferor, not pay the bond, and not represent or assist the detainee in deportation proceedings.

No. 17-30516

Domingue's position within his company—which he founded, owned, and managed—afforded him autonomy over the scheme, control over its operation, and discretion over these funds.  The district court did not clearly err by finding that Domingue, by fraudulently indicating to his vulnerable victims that he was a professional they could rely on to skillfully perform services of considerable importance, assumed and abused a position of trust.  *See* § 3B1.3, comment. (n.1); *United States v. Miller*, 607 F.3d 144, 149–50 (5th Cir. 2010); *United States v. Sudeen*, 434 F.3d 384, 386, 391–92 (5th Cir. 2005); *United States v. Reeves*, 255 F.3d 208, 212 (5th Cir. 2001).

Domingue has not meaningfully briefed any argument that the second requirement—that the position of trust significantly facilitated or concealed the offense—does not apply.  *See* FED. R. APP. P. 28(a)(8)(A).  Accordingly, any argument as to this second element of this enhancement is forfeited for failure to brief.  *See, e.g.*, *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992). Regardless, the record demonstrates that the district court did not clearly err by determining that this position of trust significantly facilitated or concealed Domingue's offense.   *See* § 3B1.3; *Ollison*, 555 F.3d at 165.   Domingue's cultivation and generation of the belief that he was an immigration consultant was crucial to his scheme.  His victims, in reliance on his alleged qualifications, made payments and gave him professional discretion that allowed him to misuse these funds without fear of ready or quick notice.  *See Reeves*, 255 F.3d at 212–13.  Also, given his control over the operation, he could direct whether actions should be taken in furtherance of the scheme and had unfettered discretion over the victims' funds.  *See* § 3B1.3, comment. (n.1); *United States v. Pruett*, 681 F.3d 232, 248–49 (5th Cir. 2012); *United States v. Buck*, 324 F.3d 786, 795 (5th Cir. 2003).

For these reasons, the judgment of sentence is AFFIRMED.