# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2020

Lyle W. Cayce
Clerk

No. 18-50785

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

STANLEY P. BATES,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-381-2

Before KING, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Stanley P. Bates pled guilty to conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, three substantive counts of money laundering, and two counts of aiding and abetting securities fraud. He was sentenced within the guidelines range to 180 total months in prison.

Bates asserts that the district court erroneously assessed him a two-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust. He argues that he did not qualify for the enhancement because he held no fiduciary-like

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50785

or personal trust relationship vis-à-vis any victim and that the acts allegedly justifying the enhancement were indicative only of an arm's length contractual relationship. Because Bates substantially raised this argument in the district court, we review for clear error. *See United States v. Miller*, 607 F.3d 144, 147–48 (5th Cir. 2010); *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008).

Under § 3B1.3, a two-level enhancement applies if the defendant (1) held a position of trust and (2) abused that position in a manner that significantly facilitated the commission or concealment of the crime. § 3B1.3; *United States v. Ollison*, 555 F.3d 152, 166 (5th Cir. 2009). Bates challenges only the first prong of this analysis, asserting he did not hold a position of trust.

"A position of trust is characterized by (1) professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference), and (2) minimal supervision." *Id.* at 166 (citing U.S.S.G. § 3B1.3 cmt. n.1). Finding a person held a position of trust is warranted "if a defendant's job places the defendant in a superior position to commit a crime and the defendant takes advantage of that superior position to facilitate a crime." *United States v. Dahlstrom*, 180 F.3d 677, 685 (5th Cir. 1999) (internal citation omitted). Neither our precedent nor the guidelines require this determination "be assessed from the perspective of the victim." *United States v. Buck*, 324 F.3d 786, 794 (5th Cir. 2003); *see also United States v. Kay*, 513 F.3d 432, 460 (5th Cir. 2007) (holding the enhancement applies even when the defendant does not abuse "a position of trust vis-à-vis the victim of the crime"). We also do not require the existence of a legally recognized relationship of trust in order to apply the enhancement. *United States v. Wright*, 496 F.3d 371, 377 (5th Cir. 2007).

This court has repeatedly held that individuals occupying high managerial offices within a company may hold a position of trust. In *Kay*, we upheld the enhancement because the defendant, "as the president and CEO of

ARI, maintained a position of trust with respect to . . . ARI's shareholders." *Kay*, 513 F.3d at 461; *see also United States v. Pruett*, 681 F.3d 232 (5th Cir. 2012) (upholding the adjustment for the president/CEO of a wastewater management company convicted of Clean Water Act violations). In another case, *Sudeen*, we held that the defendant occupied a position of trust because he lured investors by creating "bogus . . . 'Joint Venture Agreements'" and claiming he would place investors' money in high-yield investment programs that were really frauds in an elaborate Ponzi scheme. *United States v. Sudeen*, 434 F.3d 384, 387, 392 (5th Cir. 2005). We have also affirmed an abuse of trust enhancement where the defendants posed as financial planners in a mail fraud scheme that targeted the elderly. *United States v. Reeves*, 255 F.3d 208, 209, 212–13 (5th Cir. 2001).

The facts contained in the presentence report ("PSR"), which Bates has failed to rebut, warrant the adjustment. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015). As majority owner and CEO of the company, Bates's position superlatively situated him to perpetrate and conceal his fraudulent scheme. Like the defendant in *Kay*, Bates "maintained a position superior to that of all other individuals with a similar ability to commit or conceal offenses." *Kay*, 513 F.3d at 461. And similarly to *Sudeen* and *Reeves*, Bates presented himself to his victims as operating a valid business that fraudulently acquired investors' money for the purposes of his own enrichment. The PSR includes numerous instances in which Bates—and employees acting on his orders—falsified records, doctored promotional materials, and made material misrepresentations in order to secure investments in his company. With complete managerial discretion and no oversight, it was nearly impossible for investors to detect his scheme.

3

No. 18-50785

Given the nature of Bates's involvement in the fraudulent conduct, the district court did not clearly err by finding that he abused a position of trust. *See Miller*, 607 F.3d at 146–50; *Sudeen*, 434 F.3d at 386–87, 391–92.

**AFFIRMED**.